UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL J. BUTCHER,

        Plaintiff,                     Case No. 1:19-cv-1057

v.                                         Honorable Paul L. Maloney

HEIDI WASHINGTON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Michigan Reformatory

(RMI) in Ionia, the Saginaw County Correctional Facility (SRF) in Freeland, and the Lakeland Correctional Facility (LCF) in Coldwater. Plaintiff sues MDOC Director Heidi Washington, Corizon Medical Services, Dr. Mathew Pace, and Dr. Unknown Tien.

Plaintiff alleges that in 2011, a callus on his right big toe eventually became a small hole. Plaintiff's health care provider ordered a "sculpture" to be taken on the inside of the hole, in the necrotic tissue. The tissue was found to be infected and Plaintiff was given a course of antibiotics. In addition, triple antibiotic cream was applied to the inside of the hole and his toe was wrapped with gauze. Plaintiff was not given an MRI to see if the infection had moved to the bone. This treatment continued for approximately two years, during which time Plaintiff was seen by the State's podiatrist, Defendant Pace, who decided that Plaintiff's toe needed to be amputated.

Plaintiff's toe was amputated in 2015, but he was not given an MRI to determine whether the infection had spread to the bone following the amputation. However, Defendant Pace diagnosed Plaintiff as having MRSA [Methicillin-resistant staphylococcus aureus] and prescribed a series of antibiotics. Defendant Pace also diagnosed Plaintiff with osteomyelitis without the use of an MRI. Defendant Pace subsequently determined that the remaining toes on Plaintiff's right toes needed to be amputated because the toes appeared swollen and infected. Following the amputation, Defendant Pace placed Plaintiff on an infusion of Vancomycin, but still did not give Plaintiff an MRI. Defendant Pace performed reconstructive surgery on Plaintiff in an attempt to remove bone and the ulcer. The surgery was unsuccessful, and Plaintiff was left with a huge ulcer that would not heal. Defendant Pace attempted a fourth surgery, which was also unsuccessful. Defendant Pace subsequently told Plaintiff that he could not do anything more for his foot and referred Plaintiff to Defendant Tien.

Defendant Tien attempted one more surgery to remove the ulcer from Plaintiff's foot, which was unsuccessful. At that point, Defendant Tien ordered an MRI, which showed an infection in a small part of the bone. Defendant Tien concluded that Plaintiff needed an above the knee amputation of his right leg. Plaintiff complains that he "had all these surgeries and amputations without . . . an MRI to see the full medical condition of Plaintiff's foot," and that he spent approximately two years in the hospital. (ECF No. 1, PageID.3.)

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.  Defendant Heidi Washington

Plaintiff fails to make specific factual allegations against Defendant Heidi Washington. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff

4

has failed to allege that Defendant Washington engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

## IV. Defendant Corizon

Plaintiff names Corizon as a defendant in this case, but fails to make any specific factual allegations in support of his claim that Defendant Corizon violated his Eighth Amendment rights. A private entity which contracts with the state to perform a traditional state function like providing healthcare to inmates—like the Corizon Corporations—can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.,* 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell* has been extended to private corporations); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996) (same); *Rojas v. Alexander's Dept. Store, Inc.,* 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson,* 579 F.Supp.2d 831, 851-52 (E.D. Mich. 2008) (same).

Consequently, Corizon, like a governmental entity, may be held liable under § 1983 if it actually caused the constitutional deprivation. *See id.* (citing *Monell v. Dep. of Soc. Servs.,* 436 U.S. 658, 690 (1978). Liability in a § 1983 action cannot be based on a theory of *respondeat superior. Id.* "It is only when the 'execution of the [entity's] policy or custom . . . inflicts the injury' that the [entity] may be held liable under § 1983." *Id.* (quoting *City of Canton v. Harris,* 489 U.S. 378, 385 (internal quotation marks omitted). A custom is a practice "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown,* 520 U.S. 397, 404 (1997). Moreover, the policy or custom "must be the moving force of the constitutional violation." *Searcy,* 38 F.3d at

286 (internal quotation marks omitted). In this case, Plaintiff fails to allege any specific facts regarding Defendant Corizon. Therefore, Defendant Corizon is properly dismissed.

## V. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863,

6

867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize

7

claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

In this case, Plaintiff specifically alleges that he received nearly continuous medical attention beginning in 2011 and continuing until the current time. Plaintiff's treatment included multiple courses of antibiotics and numerous surgeries. Plaintiff's only complaint appears to be that he did not receive MRIs at every step of treatment as a method to determine whether the infection in Plaintiff's foot was also in his bone, and the extent of the infection in the bone. It is clear from the face of Plaintiff's complaint that the treatment he received was far from "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miller*, 408 F.3d at 819. Therefore, Plaintiff's Eighth Amendment claim is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide

whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  February 13, 2020                                  /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           United States District Judge